**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LSI CORPORATION, AGERE SYSTEMS LLC and AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> FUNAI ELECTRIC COMPANY, LTD.; FUNAI CORPORATION, INC.; FUNAI SERVICE CORPORATION; and P&F USA, INC., <br><br> Defendants. | Case No. 2:12-CV-02047-AG (AJWx) <br><br> **STIPULATED PROTECTIVE ORDER** |

1. **PURPOSE AND LIMITS OF THIS ORDER**

    Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation.  Thus, the Court enters this Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles.  This Order does not automatically authorize the filing under seal of material designated under this Order.  Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal.  This Order does not govern the use at trial of material designated under this Order.

2. **DESIGNATING PROTECTED MATERIAL**

    2.1    **Over-Designation Prohibited**.  To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated.  Designations with a higher confidentiality level when a lower level would suffice are prohibited.

Mass, indiscriminate, or routinized designations are prohibited. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm.  Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest.  If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.2**    **Manner and Timing of Designations**.  Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains protected material.  For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted.  It may make that designation during the deposition or proceeding, or at any time up to 21 days from the deposition or proceeding.

**2.2.1**    A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced.  During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY.  After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

**2.2.2**    Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used.  The use of a document as an exhibit at a deposition shall not in any way affect its designation.  Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the

level of protection being asserted.  The designator shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed.  After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.3      Inadvertent Failures to Designate**.  An inadvertent failure to designate does not, standing alone, waive protection under this Order.  Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

**3.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

**4.      ACCESS TO DESIGNATED MATERIAL**

**4.1      Basic Principles**.  A receiving party may use designated material only for this litigation.  Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**4.2      Disclosure of CONFIDENTIAL Material Without Further Approval**.  Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**4.2.1**   The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.2.2**   No more than three (3) officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A).  A party seeking to disclose to in-house counsel any material designated CONFIDENTIAL must identify to the designator the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making, and

provide a copy of the Agreement to be Bound (Exhibit A) to the designating party;

**4.2.3**  Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.4**  The Court and its personnel;

**4.2.5**  Outside court reporters and their staff, outside mediators, professional jury or trial consultants and mock jurors used by the same, and professional vendors (including vendors providing translation and/or interpretation services) to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.6**  During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

**4.2.7**  The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**4.3**  **Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY and HIGHLY CONFIDENTIAL – SOURCE CODE Material Without Further Approval**.

Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE without further approval only to:

**4.3.1**  The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

4.3.2  Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.3.3**  The Court and its personnel;

**4.3.4**  Outside court reporters and their staff, outside mediators, professional jury or trial consultants and mock jurors used by the same, and professional vendors (including vendors providing translation and/or interpretation services) to whom disclosure is

reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

**4.3.5**    The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**4.4**    **Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Material to Experts**.  Unless agreed to in writing by the designator:

**4.4.1**    A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years.  If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

**4.4.3**    A party that makes a request and provides the information specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the identified in- house counsel or expert unless, within seven days of delivering the request, the party receives a

written objection from the designator providing detailed grounds for the objection.

**4.4.4**    All challenges to objections from the designator shall proceed under L.R. 37-1 through L.R. 37-4.

**5.**    **SOURCE CODE**

**5.1**    **Designation of Source Code**.  If production of Source Code is necessary, a party may designate it as HIGHLY CONFIDENTIAL – SOURCE CODE if it is, or includes, confidential, proprietary, or trade secret Source Code.  "Source Code" shall mean source code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, Verilog, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code.  For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

**5.2**    **Location and Supervision of Inspection**.  Any HIGHLY CONFIDENTIAL – SOURCE CODE produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours, which for purposes of this Paragraph shall be 9:00 a.m. through 6:00 p.m. local time at the reviewing location, or at other mutually agreeable times, at an office of the designating party's counsel or another mutually agreeable location.  The inspecting party shall identify in writing who will be present at any inspection at least one (1) business day prior to the inspection.  Such identification shall be in addition to the disclosures required under Section 4.4.1.  Only under exceptional circumstances, not to exceed three separate instances covering no more than four total days (i.e, the number of days of review over those three separate instances shall not exceed four total days in the aggregate), upon reasonable notice from the inspecting party, which shall not be less than three (3) business days in advance, the designating party shall make reasonable efforts to accommodate the inspecting party's request for access to the computer outside of normal business hours.  Such an expanded review period shall not begin earlier than 8:00 a.m. and shall not end later than 8:00

p.m. local time at the reviewing location. The parties agree to cooperate in good faith such that maintaining the Source Code at the offices of the designating party's counsel shall not unreasonably hinder the inspecting party's ability to efficiently conduct the prosecution or defense in this litigation.

**5.2.1** The source code shall be made available for inspection on a secured computer in a secured room, and the inspecting party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  If the requesting party desires one additional secured computer to be made available, the designating party shall make such a computer available so long as the requesting party agrees to cover all additional expenses necessitated by the additional secured computer.  The secured computers may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet and may not be connected to any printer or storage device other than the internal hard disk drive of the computer. The secure computer(s) may be password protected and shall have the Source Code stored on a hard drive contained inside the computer(s).

**5.2.2** The secured computer(s) shall, at the inspecting party's request, include reasonable analysis tools appropriate for the type of Source Code.  The inspecting party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the designating party so that the designating party may install such tools on the stand-alone computer.  To the extent that such tools record local working files or other records reflecting the work performed by the inspecting party, such files and records shall not be reviewed, altered, or deleted by the designating party. Nothing may be removed from the stand-alone computer, either by the inspecting party or at the request of the inspecting party, during the inspection.  No person other than the Source Code supplier may alter, dismantle, disassemble, or modify the stand-alone computer(s) in any way, or attempt to circumvent any security feature of the computer.  The designator may visually monitor the activities of the inspecting party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  In the event some portion of conversation is overheard during Source Code review, no part or portion of what is overheard by the monitoring person can be used in the litigation for any reason unless it

pertains to a potential violation of the terms of this Protective Order.  The parties will make reasonable efforts to minimize the possible use of (1) attorneys of record in the case, and (2) patent agents, individuals and other attorneys with any role in the analysis of the technical merits of the case, as monitors during normal business hours.  The parties will further not use any technical experts or support staff for such experts as monitors in the case.

**5.3**    **Paper Copies of Source Code Excerpts**.  The inspecting party may request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, other papers, or for deposition or trial.  The designator shall provide all such source code in paper form, including Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE" and hard copies shall be maintained by the receiving party's outside counsel in a secured locked area.  At the request of the inspecting party, the designating party shall within three (3) business days provide one (1) hard copy print out of the specific lines, pages, or files of the Source Code that the inspecting party believes in good faith are necessary to understand a relevant feature of an accused product. For avoidance of doubt, an access restricted location within the facilities of outside counsel or an expert disclosed under Section 4.4.1, such as a conference room within an access restricted office or a locked drawer or cabinet shall constitute a secured locked area.  If the designating party objects in any manner to the production of the requested Source Code (e.g., the request is too voluminous), it shall state its objection within the allotted two (2) business days pursuant to this paragraph.  In the event of a dispute, the parties will meet and confer within five (5) business days of the objection being raised.  All unresolved challenges from the designator shall proceed under L.R. 37-1 through L.R. 37-4.

**5.3.1**    The inspecting party is permitted to make up to five (5) additional hard copies for use at a deposition.  One hard copy of the Source Code may be marked as an exhibit for the deposition, and then maintained by outside counsel for the party presenting the exhibit during the deposition in a secured locked area.  All other copies shall be destroyed or returned to the producing party at the producing party's option immediately after the deposition is concluded.

**5.3.2**   The inspecting party is permitted to make up to five (5) additional hard copies in connection with a Court filing, hearing, or trial, and of only the specific pages directly relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered.  To the extent portions of Source Code are quoted in a Court filing, those pages containing quoted Source Code will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE.

**5.4**   **Electronic Copies of Source Code Excerpts.**  Electronic copies of excerpts of Source Code may be made to be included in documents which, pursuant to the Court's rules, procedures and order(s), may be filed or served electronically.  Only the necessary amount of electronic copies to effectuate such filing or service may be stored on any inspecting party server, hard drive, thumb drive, or other electronic storage device at any given time.  After any such electronic filing or service, the inspecting party may maintain reasonable copies of such filings, but shall delete all other electronic copies of Source Code from all inspecting party electronic storage devices.

**5.5**   **CD-ROM Copies of Source Code Excerpts.**  The inspecting party is permitted to possess up to six (6) CD-ROMs or DVDs that contain an electronic copy of all or any portion of the hard copy print-outs of Source Code provided by the designating party. The inspecting party may provide these CD-ROMs or DVDs to qualified persons under this Order, who may use such CD-ROMs or DVDs solely for active review of the Source Code.  The inspecting party is also permitted to make temporary copies necessarily made in the production of these CD-ROMs or DVDs, provided any such copies are immediately deleted once the temporary copies are no longer required for the production of the CD-ROMs or DVDs.  The CD-ROMS and DVDs shall not be copied, in whole or in part, under any other circumstances. A inspecting party may destroy one or more of the six (6) previously created CD-ROMs or DVDs and create one or more new CD-ROMs or DVDs provided that the total number in possession of the inspecting party does not exceed six (6). All CD-ROMs or DVDs shall be destroyed within thirty (30) days after the final disposition of the litigation, whichever occurs first.  The receiving party shall keep and maintain a log of all custodians for all of the CD-ROMs or DVDs as well as the destruction of all such CD-ROMs or

1   DVDs. The viewing of any such CD-ROMs or DVDs shall be done when all network

2   communication functions of the viewer's device are disabled.

3       **5.6     Access Record**.  Outside counsel for the inspecting party shall maintain a record of

4   any individual who has inspected any portion of the Source Code in electronic or paper form, and

5   shall maintain all paper copies of any printed portions of the Source Code in a secured, locked

6   area.  The inspecting party shall not convert any of the information contained in the paper copies

7   into any electronic format other than for the preparation of a pleading, exhibit, expert report,

8   discovery document, deposition transcript, or other Court document.  Any paper copies used

9   during a deposition shall be retrieved at the end of each day and must not be left with a court

10  reporter or any other unauthorized individual.  Outside counsel for the inspecting party shall

11  produce, upon request, each such record to the supplier within thirty (30) days of a final resolution

12  of this litigation.

13      **5.7     Depositions.**  The designating party shall, on request, make a searchable electronic

14  copy of the Source Code available on a stand-alone computer during depositions of witnesses who

15  would otherwise be permitted access to such Source Code. The inspecting party shall make such

16  request at the time of the notice for deposition.

17  **6.      <u>PROSECUTION BAR</u>**

18      Absent written consent from the designator, any individual who receives access to

19  HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL –

20  SOURCE CODE information shall not be involved in the prosecution of patents or patent

21  applications concerning the field of the invention of the patents-in-suit for the receiving party or

22  its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for

23  one year after its conclusion, including any appeals.  "Prosecution" means drafting, amending,

24  advising on the content of, or otherwise affecting the scope or content of patent claims or

25  specifications.  These prohibitions shall not preclude counsel from participating in reexamination

26  or *inter partes* review proceedings to challenge or defend the validity of any patent, but counsel

27  may not participate in the drafting of amended claims in any such proceedings.

28

**7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**7.1      Subpoenas and Court Orders**.  This Order in no way excuses non-compliance with a lawful subpoena or court order.  The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**7.2      Notification Requirement**.  If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE, that party must:

**7.2.1**   Promptly notify the designator in writing.  Such notification shall include a copy of the subpoena or court order;

**7.2.2**   Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

**7.2.3**   Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**7.3      Wait For Resolution of Protective Order**.  If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission.  The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**8.      UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to

retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

**9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

**10. FILING UNDER SEAL**

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a receiving party's request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving party may file the material in the public record unless (1) the designator seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

**11. FINAL DISPOSITION**

After the final disposition of this action, within 60 days of written request by the disclosing party, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the

designator by the 60- day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material.  This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material.  Any such archival copies remain subject to this Order.

## 12.    PROVISION TO THIRD PARTIES

To the extent information is sought from non-parties, a copy of this Order shall be provided to the non-party by the requesting party at the same time as any requests for documents and/or testimony is made.

## 13.    INTERNATIONAL TRADE COMMISSION RECORD

**13.1    Documents Produced.**  Documents produced in United States International Trade Commission Investigation No.337-TA-837 ("the ITC Investigation") and designated "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" shall be treated as though designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" pursuant to this Order.  Documents produced in the ITC Investigation and designated "CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION" shall be treated as though designated "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order.  Documents produced in the ITC Investigation need not be re-stamped with a Bates stamp reflecting this litigation.

IT IS SO ORDERED.

DATED:  _8/20/15__                    _____

United States Magistrate Judge

<u>EXHIBIT A</u>

<u>AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**.  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

        [printed name]


Signature: _____

        [signature]

67418726V.1